UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy B. Crittendon, # 247426, | ) C/A No. 4:14-137-TMC-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| South Carolina Dept. of Corrections; | ) |
| Kirkland Correctional Institution; | ) |
| Warden McKie; | ) |
| Food Service Supervisor, Mr. Marshall; | ) |
| Grievance Coordinator, K. Taylor, and | ) |
| Ofc. R. Rogers, | ) |
| | ) |
| Defendants. | ) |

_____

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

At the time he filed this Complaint, Timothy B. Crittendon ("Plaintiff") was incarcerated at the Kirkland Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. Plaintiff alleges that food is being used as punishment at the prison and states that two meals were completely "withheld" from him in early January 2014 and that several of the sandwich meals that he did receive were given to him "late." He asserts that the sandwich meals he received did not provide adequate nutrition and that he suffered stomach upset from the

missed and late meals because he needs to have food along with the medication he must take. Plaintiff also alleges that there were bugs in the sleeping areas at Kirkland and that when he told the Warden, Defendant McKie, about the bugs, he was told that it was his (Plaintiff's) own fault.

Plaintiff further alleges that his rights were violated by Kirkland personnel when they refused to allow him to use the library during the initial periods of his SCDC confinement and when some of his grievances were returned unprocessed because of missing Requests to Staff Member attachments. He does not allege that the lack of library usage actually resulted in any kind of prejudice to his ability to access court where that was a necessity. Plaintiff further alleges that another inmate who is not a party to this case had some of his incoming mail wrongly rejected by prison officials because it smelled like perfume. SCDC and Kirkland Correctional Institution, its Warden, and three other prison employees are named as Defendants, and Plaintiff requests injunctive relief and seeks compensatory damages and costs.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally

construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Initially, the Defendant SCDC is immune from Plaintiff's claims in this case because the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit for damages or injunctive relief brought against the State of South Carolina or its integral parts. SCDC, as a South Carolina state agency, is an integral part of the state and, thus, entitled to Eleventh Amendment immunity in this case. *See Alden v. Maine*, 527 U.S. 706, 745-46 (1999)(claim for damages barred); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)( Eleventh Amendment bars suits against a State filed by its own citizens); *Cory v. White*, 457 U.S. 85, 91 (1982) (injunctive relief barred). Section 15-78-20(e) of the South Carolina Code of Laws (Cum. Supp. 1993), is a statute in the South Carolina Tort Claims Act which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial

and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). As a result, to the extent that Plaintiff sues SCDC, the Complaint under review is subject to partial summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Also, to the extent that Plaintiff attempts to sue Kirkland Correctional Institution for violations of his federal constitutional rights, his Complaint is subject to partial summary dismissal. In order to state a claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). Kirkland Correctional Institution is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds do not act under color of state law, and, as a result, Kirkland Correctional Institution is not a "person" subject to suit under 42 U.S.C. § 1983 and not a proper Defendant in this case. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. No other basis for the exercise of federal question jurisdiction over Plaintiff's allegations is shown on the face of the pleading.

Furthermore, the Complaint under review is subject to partial summary dismissal to the extent that Plaintiff seeks relief on behalf of another inmate who is not a party to this case for alleged mail tampering or or improper rejection of that inmate's incoming mail because Plaintiff, a pro se litigant and non-attorney, does not have standing to bring suit on behalf of other persons or entities. *See Estate of Kerner v. U. S.*, 895 F.2d 1159, 1162 n. 3 (7th Cir. 1990). In the *Kerner* case, the court noted: " 'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.' "*Id*. (quoting from *Warth v. Seldin*, 422 U.S. 490, 499 (1975)); *see  Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for other prisoners).

Additionally, the Complaint in this case also fails to state a plausible § 1983 claim against any Defendant based on Plaintiff's allegations that his constitutional rights are being violated by the SCDC grievance system or by the lack of library time at Kirkland. It is well settled that prison inmates have no federal constitutional right to have *any* inmate grievance system in operation at the place where they are incarcerated. *See*, *e.g.*, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Brown v. Dodson*, 863 F. Supp. 284, 285 (W.D. Va. 1994); *see also Taylor v. Lang*, 483 F. App'x 855, 858 (4th Cir. 2012). Moreover, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates, and, so, even if corrections officials fail to properly apply an inmate grievance procedure, as Plaintiff contends is the case at Kirkland, such failure is not actionable under § 1983. *See Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo.1986); *Azeez v. DeRobertis*, 568 F. Supp. 8, 9-11  (N.D. Ill. 1982).

5

Plaintiff's allegations about the restrictions placed on his library usage during the early period of his incarceration at Kirkland also fail to state a plausible § 1983 claim against any Defendant. This is true because there are no allegations of any specific injury Plaintiff has suffered or is likely to suffer as a result of the alleged inadequate access to the library during the applicable period of time. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996)(plaintiff must allege actual injury resulting from allegedly inadequate jail library in order to state a claim under section 1983); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006)(inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987)(actual injury required where complaint was of limited library time). Without any arguable allegation to the effect that he has personally suffered actual injury (such as dismissal of a lawsuit or entry of sanctions) from his restricted access to the law library, it is clear that Plaintiff fails to state a claim under 28 U.S.C. § 1983 upon which relief may be granted.

Finally, the only allegations of wrongdoing against Defendant Taylor appear to be those related to the grievance problems that Plaintiff alleged to be suffering. Review of the Complaint fails to disclose any other substantive allegations against this person. Accordingly, because no plausible § 1983 claim is stated based on the allegations about the grievance system and problems, the Complaint under review is also subject to partial summary dismissal as to Defendant Taylor.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* as to Defendants SCDC, Kirkland Correctional Institution, and K. Taylor. Additionally, the Complaint should be partially dismissed insofar as it seeks relief for another

inmate's mail problems, for lack of library access, and for problems encountered with the inmate grievance system.  *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on Defendants McKie, Marshall, and Rogers, and they should be required to answer only the allegations concerning Plaintiff's food service and about the alleged insect problems in Plaintiff's sleeping area.

Plaintiff's attention is directed to the important notice on the next page.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 21, 2014
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).