IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Timothy B. Crittendon, #247426,    )
    )    Civil Action No. 4:14-137-TMC-TER
            Plaintiff,    )
    )    **ORDER**
    vs.    )
    )
South Carolina Dept. of Corrections;    )
Kirkland Correctional Institution;    )
Warden McKie;    )
Food Service Supervisor, Mr. Marshall;    )
Grievance Coordinator, K. Taylor; and    )
Ofc. R. Rogers,    )
    )
            Defendants.    )
_____)

The plaintiff, Timothy B. Crittendon ("Crittendon"), a state prisoner proceeding pro se, brought this action against the defendants, pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., all pretrial proceedings in this matter were referred to a magistrate judge. This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court partially dismiss the complaint, without prejudice, as to South Carolina Department of Corrections ("SCDC"), Kirkland Correctional Institution ("Kirkland"), and K. Taylor and insofar as the complaint seeks relief on behalf of another inmate. (ECF No. 13.) Crittendon has filed timely objections to the Report (ECF No. 18) and this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. §

636(b)(1).  Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge.  *See id.*

The Report recommends dismissing SCDC, Kirkland, and K. Taylor for the following reasons: (1) SCDC is immune under the Eleventh Amendment; (2) Kirkland is not a "person" subject to suit under 42 U.S.C. § 1983; and (3) Crittendon fails to state an actionable § 1983 claim against K. Taylor.   In response, Crittendon argues that: (1) SCDC is "ultimately responsible for the actions of its executive body as well as its public officials within their official capacities"; (2) Kirkland is a subsidiary of SCDC and is responsible for the staff employed there; and (3) it is K. Taylor's "job responsibility to ensure no mistreatment of inmates is done as well as ensuring institutional officials act and behave in their proper capacity."

Crittendon's conclusive objections fail to overcome the legal authority supporting the Report's recommended dismissal of SCDC and Kirkland.  In addition, to the extent Crittendon's objections allege that K. Taylor may have some sort of supervisory liability, they fail to do so adequately, even under a liberal construction.  *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Accordingly, after a thorough review of the record, the court adopts the Report (ECF No. 13) and incorporates it herein. Therefore, SCDC, Kirkland Correctional Institution, and K. Taylor are **DISMISSED** without prejudice.  Further, the complaint is partially **DISMISSED** as to the portion that seeks relief on behalf of another inmate.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 10, 2014
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.