UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TIMOTHY CRITTENDON, | ) | Civil Action No.: 4:14-cv-0137-TMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| BERNARD McKIE, HOPE E. | ) | |
| MARSHALL, and SAUNDRA | ) | |
| A. RHEA-ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se, asserts constitutional rights violations pursuant to 42 U.S.C. § 1983.  Presently before the Court is Defendants' Motion to Dismiss for Lack of Prosecution (Document # 41).  Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' Motion to Dismiss could result in the Motion being granted.  Plaintiff has not filed a response to the Motion.  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), DSC.  Because Defendants' Motion is dispositive, this Report and Recommendation is filed for review by the district judge.

## II.     RULE 41(b) DISMISSAL

Defendants move to dismiss this action for Plaintiff's failure to prosecute pursuant to  Fed. R.Civ.P. 41(b). "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989).  "Federal courts possess an inherent authority to dismiss cases with prejudice sua

-2-

sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to prosecute this case. In a order dated April 21, 2014 (Document # 11), the undersigned directed Plaintiff to keep the clerk of court advised of any changes in his address. Since at least June 10, 2014, all documents mailed to Plaintiff at the address provided by him have been returned as undeliverable with a notation that he has been released. Because of Plaintiff's failure to keep this court apprised of his change of address and his failure to respond to the present motion to dismiss

-3-

and a previously filed motion to dismiss, the undersigned concludes Plaintiff has abandoned his claims against Defendants.   No other conclusion is reasonable.

### III.  CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss for Lack of Prosecution (Document # 41) be granted and this case dismissed.  If the district judge accepts this recommendation, all other pending motions will be moot.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 8, 2014
Florence, South Carolina

**The parties are directed to the important notice on the following page.**